# STATE OF MICHIGAN

# COURT OF APPEALS

DEBRA A. MANTEY,

       Plaintiff-Appellant,

v

DONALD E. MANTEY,

       Defendant-Appellee.

UNPUBLISHED
July 21, 2015

No. 319673
Saginaw Circuit Court
Family Division
LC No. 08-003051-DO

Before: BORRELLO, P.J., and RONAYNE KRAUSE and RIORDAN, JJ.

RONAYNE KRAUSE, J. *(concurring in part and dissenting in part)*

       For the most part, I concur in the results reached by the majority. I disagree in several respects. First and foremost, I disagree with the majority's finding that the trial court did not err in concluding that the vast majority of the contributions to the parties' estate was the result of defendant's actions and *severely* underestimates the practical value of a partner raising children, maintaining a home, and otherwise carrying out domestic tasks. I would vacate that part of the trial court's finding and direct on remand that the trial court provide reasonably detailed findings on the record as to the parties' respective contributions to their marital partnership. Second, under the circumstances, I am not persuaded that the trial court's finding that defendant had "'some' ability to pay" is sufficiently precise to permit it or this Court to determine whether any particular amount of spousal support is proper; as the majority notes, "some" essentially means it is undetermined or undefined. I find this to be insufficiently definite within the meaning of MCR 2.517(A)(2). Finally, I do not believe the word "ample" means anything without further context and particularly without considering what ultimate spousal support is awarded and plaintiff's realistic prospects for being able to support herself. I do, however, agree that on remand the trial court must determine the amount of defendant's spousal support arrearage, if any, and make a finding of the value of the Mantey Hills partnership and plaintiff's interest therein, if any.

                                            /s/ Amy Ronayne Krause